**Opinion issued December 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-24-00448-CV**
_____

**MD EBRAHIM CHOWDHURY, Appellant**

**V.**

**COTTONWOOD REGATTA H LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1228041**

---

## MEMORANDUM OPINION

Appellant, MD Ebrahim Chowdhury, proceeding pro se, challenges the trial court's final judgment in favor of appellee, Cottonwood Regatta H LLC ("Cottonwood"), in Cottonwood's forcible-detainer action against Chowdhury.

We dismiss the appeal.

On October 29, 2024, Chowdhury filed an appellant's brief with this Court. On November 5, 2024, this Court notified Chowdhury that his appellant's brief did not comply with the Texas Rules of Appellate Procedure because, among other things, it did not "properly identify all parties and counsel"; contain a table of contents "indicat[ing] the subject matter of each issue or point, or group of issues or points"; contain an index of authorities; "state concisely the nature of the case," "the course of the proceedings," and "the trial court's disposition of the case," "supported by record references"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and "include an appendix with the necessary contents." *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (i), (k). Chowdhury's October 29, 2024 appellant's brief also failed to comply with Texas Rule of Appellate Procedure 9.4. *See* TEX. R. APP. P. 9.4.

On November 5, 2024, the Court struck Chowdhury's October 29, 2024 appellant's brief and ordered Chowdhury to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure within thirty days of the date of the Court's order. The Court informed Chowdhury that if he did not file a corrected appellant's brief that complied with the Texas Rules of Appellate

Procedure, it would strike his corrected brief, prohibit Chowdhury from filing another, proceed as if Chowdhury had failed to file an appellant's brief, and dismiss his appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief also failed to comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same). The Court also informed Chowdhury that if he failed to timely file his corrected brief, we may dismiss his appeal. *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f). Chowdhury did not timely file his corrected brief.

Because Chowdhury did not timely file his corrected brief, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f); *Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (mem. op.); *Orozco v. Reserve at Pecan Valley Apartments*, No. 04-21-00447-CV, 2022 WL 848363, at *1 (Tex. App.—San Antonio Mar. 23, 2022, no pet.) (mem. op.); *In re W.A.F.*, No. 04-19-00723-CV, 2020 WL 5913842, at *1 (Tex. App.—San Antonio Oct. 7, 2020, no pet.) (mem. op.) (after appellate court struck appellant's brief for failure to comply with Texas

Rule of Appellate Procedure 38.1, appellant failed to file amended brief as ordered, and appellate court dismissed appeal for want of prosecution); *see also Averett v. Huffman Indep. Sch. Dist.*, No. 01-19-00482-CV, 2020 WL 717543, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2020, no pet.) (mem. op.) ("When an appellant fails to file a brief, we may dismiss his appeal for want of prosecution."). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.